COAST REALTY & COLONY COMPANY *v.* SECURITY TRUST CO.

[79 South. 848, Division A.]

1. APPEAL AND ERROR. *Persons entitled to object. Joinder or parties. Bill in equity.*

   An objection to a bill in equity on the ground of multifariousness because of the joinder of improper parties can only be urged by parties prejudicially affected thereby.

2. FRAUD. *Bill of complaint. Sufficiency.*

   A bill of complaint charging that plaintiff was induced by defendant's agent, with their connivance, to accept notes indorsed to plaintiff without recourse in payment of the price of property sold by plaintiff to defendant, and that the value of the notes was fraudulently misrepresented by such agent, with defendants' approval, and praying that the vendor's liens securing the various notes be foreclosed, and the money realized thereby be credited on the notes, and that defendants and their agent be decreed to pay complainant any balance that may then be due it on the notes, states a good cause of action.

APPEAL from the chancery court of Jackson county.

HON. W. M. DENNY, JR., Chancellor.

Suit by the Security Trust Company against P. Bougslog, and others, partners doing business at the Coast Realty and Colony Company. From a decree overruling their separate demurrers to the bill of complaint, certain of the defendants appeal.

The facts are fully stated in the opinion of the court.

*White & Ford, H. B. Everett* and *H. Gardner,* for appellant.

*R. L. & W. D. Bullard,* for appellees.

SMITH, C. J., delivered the opinion of the court.

This is an appeal to settle the principles of the case from a decree overruling the separate demurrers of several defendants to appellee's bill of complaint. The bill is quite lengthy, and is not drawn with technical accuracy, but, as we understand it, it alleges in substance that appellee sold to appellants, W. H. Bougslog, E. B. Dunten, W. R. Barber, M. P. Bougslog, and I. A. Gingery, partners doing business under the name of Coast Realty & Colony Company, ten automobiles, and accepted in payment therefor notes payable to the Coast Realty & Colony Company and secured by vendors' liens on land of little value, the notes being practically worthless; that the notes were indorsed by the Coast Realty & Colony Company to appellee "without recourse," and that appellee was induced to accept them in payment for the automobiles by false and fraudulent representations of J. A. Witz, the agent of the Coast Realty & Colony Company who negotiated the purchase of the automobiles, made with appellants' connivance, that the notes had been executed by the makers thereof in part payment of land sold to them, one-third or more of the price having been paid in cash; that the land was worth from twenty-five dollars to thirty dollars per acre—all of which was untrue, the land being in fact of little or no value, nothing whatever having been paid thereon by the makers of the notes, the notes themselves having been executed by the makers thereof for the purpose of enabling the Coast Realty & Colony Company to use them to defraud appellee in the purchase of the automobiles, and that as a part of the scheme to defraud appellee a part of its land was allowed to be

sold for taxes, and was purchased by appellant E. B. Dunten.

In addition to the members of the Coast Realty & Colony Company partnership, their agent, Witz, and makers of the notes accepted by appellee in payment for the automobiles, were made defendants to the bill.

The prayer of the bill is that the vendors' liens securing the various notes be foreclosed, and the money realized thereby be credited on the notes, and that appellants and their alleged agent, Witz, be decreed to pay appellee any balance that may then be due it on the notes.

Separate demurrers were filed by the members of the Coast Realty & Colony Company, except I. A. Gingery; but the other defendants failed to answer in any form.

The grounds of the demurrers relied upon are: First, the bill is multifarious; and, second, that it discloses no fraud on the part of appellants.

The bill can be held to be multifarious, it at all, for the reason only that the makers of the notes accepted by appellee in payment for the automobiles are joined as defendants therein; but, if it is multifarious therefor, as to which we express no opinion, they alone can be prejudiced thereby, and, since they have not complained thereat, the question is not presented to us for determination.

Second. As we understand the effect of the allegations of the bill, it sufficiently charges that appellee accepted the notes under fraudulent representations made to it by appellants' agent with their approval.

Affirmed and remanded, with leave to appellants to answer the bill within sixty days after the filing of the mandate in the court below.

*Affirmed and remanded.*